UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK A. CANNAVAN,<br>Plaintiff,<br>v.<br>GAVIN NEWSOM, *et al.*,<br>Defendants. | Case No. 1:26-cv-06027-CDB (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE AS DUPLICATIVE OF PRIOR-FILED ACTION<br><br>**<u>21-DAY DEADLINE</u>**<br><br><u>Clerk of the Court to Assign District Judge</u> |

Plaintiff Patrick A. Cannavan ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action with the filing of a complaint on July 31, 2026. (Doc. 1).

On July 20, 2026, Plaintiff filed *Cannavan v. Newsom, et al.*, Case No. 1:26-cv-05670-FJS (PC) ("*Cannavan I*").[1] In his complaint in *Cannavan I*, Plaintiff names the following defendants: (1) Governor Gavin Newsom; (2) California Department of Corrections and Rehabilitation ("CDCR") Division of Adult Services; (3) Secretary of CDCR Jeff Macomber; and (4) Correctional Officer A. Lamas. Defendant Lamas is sued in an individual capacity, and all other defendants are sued in their official capacities. *Id.* at 2-3. Plaintiff includes several other named parties in the caption of his complaint; however, those defendants are not named or further identified or discussed in the body of the complaint.

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

The complaint in *Cannavan I* is nearly identical to the complaint in the instant action, except for the fact that Plaintiff named Defendant Lamas as the sole individual-capacity defendant, whereas here, Plaintiff names Defendant Briscana. In both actions, Plaintiff's claims arise from an incident he describes as occurring "on 7/16/2026 @06:50 a.m. / 14:10:00p.m." *Compare* (Doc. 1 at 5) *with* (*Cannavan I*, Doc. 1 at 5). In both actions, Plaintiff alleges the named defendants "took wheelchair leg supports off CANNAVANS wheelchair" and defendants' conduct resulted in his "feet caught in the wheels flipping the wheelchair, ejecting CANNAVAN ¾ Ft. onto the blacktop." *Id.* In both actions, Plaintiff asserts violations of the U.S. Constitution and federal law and invokes common, assorted legal theories and cases. *Compare* (Doc. 1 at 5) *with* (*Cannavan I*, Doc. 1 at 5).

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. DISCUSSION

### A. Governing Authority

"A complaint 'that merely repeats pending or previously litigated claims'" is subject to dismissal under 28 U.S.C. § 1915(e). *Cato v. United States*, 70 F.3d 1103, 1105 (9th Cir. 1995) (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)). "[A] duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit" may be dismissed as frivolous or malicious under section 1915(e). *See Bailey*, 846 F.2d at 1021. "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'" *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 692 (9th Cir. 2007) (citation omitted), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008). Thus, "[p]laintiffs generally

have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams*, 487 F.3d at 688 (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)), overruled on other grounds by *Sturgell*, 553 U.S. at 904).

To determine whether a suit is duplicative, courts "borrow from the test for claim preclusion." *Adams*, 487 F.3d at 688. "'[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit.'" *Id.* (second alteration in original) (quoting *The Haytian Republic*, 154 U.S. 118, 124 (1894)). "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties . . . to the action, are the same." *Adams*, 487 F.3d at 689; *see Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions.") (citation and internal quotation marks omitted).

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams*, 487 F.3d at 688.

**B. Analysis**

In the instant complaint, Plaintiff raises claims against Defendants Gavin Newsom, CDCR, Jeff Macomber, and Sergeant Briscna. (Doc. 1 at 1-3). Plaintiff's requested relief is difficult to decipher. As far as the Court can discern, Plaintiff seeks $836,000.00 in punitive damages, implementation of legal training, establishment of a Prison Legal Assistance Program, and over $15,000,000.00 in other damages. *Id.* at 5. Plaintiff's allegations are also difficult to decipher. As far as the Court can comprehend, Plaintiff alleges that the events at issue occurred between February 9, 2023, and July 16, 2026. However, Plaintiff only provides factual details for one incident alleged to have occurred on July 16, 2026, on G yard. Plaintiff asserts that, on that date between 6:30 a.m. and 2:10 p.m., "[e]ach named person … actively colluded when Lamas took

wheelchair leg supports off [Plaintiff's] wheelchair," in violation of the institution's policy that durable medical equipment shall not be taken by staff. Plaintiff states that he was "coerced into using the wheelchair that was inoperative with missing safety parts." While using the wheelchair on July 16, 2026, from approximately 7:50 p.m. to 8:10 p.m., Plaintiff's "feet got caught in the wheels[,] flipping the wheelchair, ejecting [Plaintiff] [three or four feet] onto the blacktop" and sending Plaintiff to the emergency room for 24 hours, where MRI, CT, and x-rays were needed. *Id.*

As summarized above, in his earlier filed complaint before the Honorable U.S. Magistrate Judge Frank J. Singer (filed July 20, 2026), Plaintiff raised identical claims and requested identical relief. (*Cannavan I*, Doc. 1 at 5).[2]

**C. Plaintiff's August 14, 2026, Filing**

On August 14, 2026, Plaintiff filed a document titled "objections to magistrate judge's findings case are all related," signed and dated August 10, 2026. (Doc. 8). Therein, Plaintiff includes a list of actions he has purportedly filed in this Court, as well as actions he has purportedly filed in state court. *See id.* at 6. Plaintiff includes additional factual allegations regarding Defendant Briscna, as well as additional claims, but does not set forth why the allegations in the complaint could not be included in *Cannavan I* and should be pled in a separate action. *See id.* at 2-5.

Thus, the undersigned will recommend that this action be dismissed as duplicative of Case No. 1:26-cv-05670-FJS (PC).

**III. CONCLUSION AND ORDER**

The Clerk of the Court is directed to assign a District Judge.

Accordingly, it is HEREBY RECOMMENDED that:

1. This action be dismissed as duplicative of Case No. 1:26-cv-05670-FJS (PC); and
2. Plaintiff's motion for appointment of counsel (Doc. 1 at 32) be DENIED as moot.

These Findings and Recommendations will be submitted to the United States District

[2] The Court notes that Plaintiff filed at least 15 other cases in the preceding weeks that may also be duplicative of *Cannavan I*. *See, e.g.*, Case Nos. 1:26-cv-05903-SAB; 1:26-cv-06029-BAM; 1:26-cv-06033-BAM; 1:26-cv-06034-EPG; 1:26-cv-06035-FJS; 1:26-cv-06038-SAB; 1:26-cv-06041-EGC; 1:26-cv-06042-SAB; 1:26-cv-06044-SAB; 1:26-cv-06045-BAM; 1:26-cv-06046-EPG; 1:26-cv-06049-CDB; 1:26-cv-06051-FJS; 1:26-cv-06152-EGC; and 1:26-cv-06165-HBK.

Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **August 20, 2026**

UNITED STATES MAGISTRATE JUDGE